Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Susan Sepulveda**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Saeid Badie, D.D.S., P.C.**, an Arizona company; **Saeid Badie,** an Arizona resident; and **Judy Badie,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br><br>**(Jury Trial Requested)** |

Plaintiff Susan Sepulveda ("**Plaintiff**"), for her Verified Complaint against Defendants Saeid Badie, D.D.S., P.C. ("**Badie D.D.S.**"); Saeid Badie; and Judy Badie (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1.     Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2.     This action is also brought to recover overtime compensation, liquidated or

ZOLDAN LAW GROUP, PLLC<br>5050 N.40th St., Suite 260, Phoenix, AZ 85018<br>Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

double damages, and statutory penalties resulting from Defendants' violations of the FLSA.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5.     Plaintiff was employed by Defendants in this District.

### PARTIES

6.     At all relevant times to the matters alleged herein, Plaintiff Susan Sepulveda resided in the District of Arizona.

7.     At all relevant times to the matters alleged herein, Plaintiff Susan Sepulveda was a full-time employee of Defendants from on or around November 2, 2017, until on or around January 12, 2022 ("**all relevant times**").

8.     At all relevant times to the matters alleged herein, Plaintiff Susan Sepulveda was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9.     At all relevant times to the matters alleged herein, Plaintiff Susan Sepulveda was a non-exempt employee.

10.     Defendant Badie D.D.S. is a company authorized to do business in Arizona.

11.     Defendant Badie D.D.S. was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12.     Defendant Saeid Badie is an Arizona resident.

ZOLDAN LAW GROUP, PLLC

5050 N 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

13.     Defendant Saeid Badie has directly caused events to take place giving rise to this action.

14.     At all relevant times, Defendant Saeid Badie was an owner of Badie D.D.S..

15.     At all relevant times, Defendant Saeid Badie was an employer of Badie D.D.S..

16.     At all relevant times, Defendant Saeid Badie was a director of Badie D.D.S..

17.     At all relevant times, Defendant Saeid Badie was a shareholder of Badie D.D.S..

18.     At all relevant times, Defendant Saeid Badie was the president of Badie D.D.S..

19.     At all relevant times, Defendant Saeid Badie was a secretary of Badie D.D.S..

20.     At all relevant times, Defendant Saeid Badie was the treasurer of Badie D.D.S..

21.     Defendant Saeid Badie has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

22.     Defendant Saeid Badie had the authority to hire and fire employees.

23.     Defendant Saeid Badie had the authority to hire and fire Plaintiff.

24.     On or around November 2, 2017, Defendant Saeid Badie interviewed and hired Plaintiff.

25.     Defendant Saeid Badie supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

26.     Defendant Saeid Badie instructed Plaintiff that she had to answer work calls after hours, holidays, and weekends.

ZOLDAN LAW GROUP, PLLC
5050 N.40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

27.     Defendant Saeid Badie determined the rate and method of Plaintiff's payment of wages.

28.     On October 22, 2020, Defendant Saeid Badie sent Plaintiff a letter explaining she would be paid a flat hourly rate for overtime hours.

29.     As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Saeid Badie is subject to individual and personal liability under the FLSA.

30.     Defendant Judy Badie is an Arizona resident.

31.     Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Judy Badie and Defendant Saeid Badie were legally married.

32.     Defendant Judy Badie and Defendant Saeid Badie have caused events to take place giving rise to this action as to which their marital community is fully liable.

33.     Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

34.     Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

35.      Defendants, and each of them, are sued in both their individual and corporate capacities.

36.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

37.     Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in

ZOLDAN LAW GROUP, PLLC

5050 N.40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
5050 N 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

2017.

38. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2018.

39. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

40. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

41. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

42. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

43. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

44. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

45. Plaintiff used email and telephone for communication.

46. Plaintiff would process credit card transactions.

47. Plaintiff is a covered employee under individual coverage.

48. Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS**

49.     The entity Defendant is doctor's office.

50.     On or around November 2, 2017, Plaintiff Susan Sepulveda commenced employment with Defendants as a treatment coordinator.

51.     Plaintiff's primary job duties included answering phones, processing insurance claims, and providing customer service to patients.

52.     From her hire, until November 2019, Plaintiff was paid at a rate of $18.00 an hour.

53.     Beginning in November 2019, until on or around October 2020, Plaintiff was paid at a rate of $21.00 an hour.

54.     Beginning October 2020, until her termination, Plaintiff was paid at a rate of $23.00 an hour.

55.     Plaintiff Susan Sepulveda routinely worked in excess of 40 hours per week.

56.     Plaintiff Susan Sepulveda was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

57.     Plaintiff estimates that she is owed approximately 501.20 hours of overtime pay.

58.     Plaintiff was required to answer all after hours calls on her personal cell phone, including evenings, weekends, and holidays.

59.     For example, during the workweek of October 31, 2021, Plaintiff worked approximately 13.5 hours of overtime.

60.     Plaintiff was only paid straight time for all overtime hours worked.

61.     At all relevant times during Plaintiff's employment, Defendants failed to

ZOLDAN LAW GROUP, PLLC
5050 N 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

properly compensate Plaintiff for all her overtime hours.

62.    Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

63.    Defendants required Plaintiff to work overtime as a condition of her employment.

64.    Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

65.    Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

66.    Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

67.    Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

68.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

69.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

70.    Plaintiff is an employee entitled to the statutorily mandated overtime wages.

71.    Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

72.    As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

73.    In addition to the amount of unpaid overtime wages owed to Plaintiff, she is

ZOLDAN LAW GROUP, PLLC
5050 N 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

74.   Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

75.   Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

76.   Defendants knew their failure to pay overtime wages was a violation of the FLSA.

77.   Defendants have not made a good faith effort to comply with the FLSA.

78.   Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.   For the Court to declare and find that the Defendants committed the following acts:

   i.   violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   ii.  willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C.   For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

ZOLDAN LAW GROUP, PLLC

5050 N 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

D.     For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F.     Any other remedies or judgments deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED January 25, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

1

## **<u>VERIFICATION</u>**

2

3        Plaintiff Susan Sepulveda declares under penalty of perjury that she has read the

4   foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted

5   therein are true and based on her personal knowledge, except as to those matters stated upon

6   information and belief, and as to those matters, she believes them to be true.

7

8

9

10   _____

Susan Sepulveda

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZOLDAN LAW GROUP, PLLC

5050 N 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com